ORIGINAL

FILED
DEC - 2 2005
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **REDWOOD FURNITURE CO., LTD.,** | Case No. 05-1248C |
| **ESTETIK MOBILYA,** | |
| **and TUNCAY TICARET,** | |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

## COMPLAINT

COME NOW Redwood Furniture Company, Ltd., Estetik Mobilya, and Tuncay Ticaret (collectively referred to herein as "Plaintiffs"), by counsel, and for their Complaint against the United States of America, allege as follows:

### Parties

1. Plaintiffs are Turkish companies engaged in the business of, among other things, constructing custom-made wooden office furniture.

2. The Defendant contracting agency is the United States Department of the Air Force (the "Air Force" or the "Government").

### Jurisdiction

3. The Court of Federal Claims has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq.

4. On August 6, 2004, Plaintiffs submitted to the Contracting Officer their certified claim relating to the matters described herein (the "Claim").

5. On December 2, 2004, Plaintiffs received the Contracting Officer's Final Decision (the "Final Decision") denying the Claim.

6. This complaint is filed within twelve (12) months of Plaintiffs' receipt of the Contracting Officer's Final Decision.

**Background**

7. At all times relevant hereto, Plaintiffs have been engaged in the business of constructing and selling custom-built wooden furniture in Turkey. Plaintiffs have frequently provided furniture to Air Force representatives for the Government's use at the United States Air Base at Incirlik, Turkey ("Incirlik" or the "Air Base").

8. During the spring and summer of 2002, various Air Force officers stationed at Incirlik purchased several hundred thousand dollars' worth of furniture (the "Furniture") from Plaintiffs. In making these purchases, these Air Force officers were fully authorized to enter into and/or ratify contracts on behalf of the Government.

9. Plaintiffs timely delivered the subject Furniture to the Air Base, and the Government accepted delivery and took possession of the same.

10. Although the Government has paid for some of the Furniture, the Government still owes Plaintiffs approximately $266,000 for the Furniture ordered by the Government and delivered to the Air Base.

11. Various Air Force officers have acknowledged that the amounts claimed by Plaintiffs are legitimate, and that the Government continues to owe Plaintiffs approximately $266,000 for the Furniture delivered to the Air Base.

12. Despite the Government's acknowledgement of the nature and extent of its debt to Plaintiffs, the Government refuses to pay Plaintiffs the sums owed.

13. Plaintiffs have satisfied all conditions precedent to bringing this lawsuit against the Government, and Plaintiffs have completed and fulfilled any and all of their obligations and duties not otherwise waived or excused.

**COUNT I**
**(Breach of Contract)**

14. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 13 of this Complaint as if set forth at length herein.

15. The Government and Plaintiffs mutually intended to enter into a binding contract for the sale of the Furniture.

16. By ordering the Furniture from Plaintiffs, the Government entered into a contract (the "Contract") with Plaintiffs and agreed to pay Plaintiffs the agreed-upon price (the "Contract Price") for such Furniture.

17. The Contract is supported by valid consideration.

18. The material terms of offer and acceptance that led the parties to enter into the Contract are unambiguous.

19. The Government representative(s) who entered into or ratified the Contract possessed actual authority, either express or implied, to bind the Government.

20. By timely delivering the Furniture to the Government, Plaintiffs performed all of their material obligations under the Contract.

21. By accepting the Furniture, the Government has received a direct benefit from the Contract.

22. By refusing to pay Plaintiffs the full Contract Price for the Furniture, the Government has materially breached the terms of the Contract.

23. The Government's refusal to issue timely payment for the Furniture has caused Plaintiffs to incur damages above and beyond the Contract Price.

24. As a direct and proximate result of the Government's refusal to pay the full Contract Price, Plaintiffs have been damaged in the amount of at least $353,240, plus interest.

WHEREFORE, Plaintiffs Redwood Furniture Company, Ltd., Estetik Mobilya, and Tuncay Ticaret pray for: (i) a judgment in their favor and against Defendant in an amount of at least $353,240; (ii) an Order awarding Plaintiffs applicable interest pursuant to the Contract Disputes Act of 1978; and (iii) an Order granting Plaintiffs their attorney's fees, costs, and such further relief as this Court may deem just and proper.

**COUNT II**
**(Contract Implied in Fact/Quantum Meruit)**

25. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 24 of this Complaint as if set forth at length herein.

26. Plaintiff and the Government mutually intended to enter into a contract for the sale of the Furniture.

27. The Air Force officers who purchased the Furniture had actual authority to bind the Government to contract.

28. In the event that the Government's purchase of the Furniture is determined to be unauthorized, contrary to law or regulation, or otherwise improper, the Government's purchase of the Furniture would nevertheless have been a permissible procurement had the formal procedures been followed.

29. By delivering the Furniture to the Government at the Government's request, Appellant provided good and valuable consideration to the Government.

30. Plaintiffs reasonably expected to be compensated for the Furniture they delivered to the Government.

31. Neither the offer nor the acceptance was ambiguous as to any material terms.

32. Plaintiffs acted in good faith at all times relevant hereto.

33. The amount claimed represents the reasonable value of the benefit received by the Government.

34. Despite accepting the Furniture for its use and enjoyment, and despite Appellant's repeated demands for payment, the Government has refused to pay Appellant the full reasonable value of the Furniture.

35. By virtue of the fact that the Government has failed to fully pay for the Furniture, the Government has been benefited in an amount of at least $266,000.

WHEREFORE, Plaintiffs Redwood Furniture Company, Ltd., Estetik Mobilya, and Tuncay Ticaret pray for: (i) a judgment in their favor and against

Defendant in an amount of at least $266,000; (ii) an Order awarding Plaintiffs applicable interest pursuant to the Contract Disputes Act of 1978; and (iii) an Order granting Plaintiffs their attorney's fees, costs, and such further relief as this Court may deem just and proper.

Dated: December 2, 2005.

Respectfully submitted,

Robert G. Watt (by Kirk J. McCormick)

Robert G. Watt
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)

Attorney for Plaintiffs

Of Counsel:
Kirk J. McCormick
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)