No. 05-1248C
(Judge Bush)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REDWOOD FURNITURE CO. LTD., et. al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

# DEFENDANT'S MOTION TO DISMISS AND APPENDIX (PAGES 1-12)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

KENT G. HUNTINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 353-7961
Fax: (202) 353-7988

Attorneys For Defendant

OF COUNSEL:
DEREK S. SHERRILL
Trial Attorney
Air Force Legal Services Agency
Commercial Litigation Division
1501 Wilson Blvd., Room 606
Arlington, VA 22209-2403
(703) 696-9087

May 1, 2006

# TABLE OF CONTENTS

PAGE(S)

DEFENDANT'S MOTION TO DISMISS .......... 1

ISSUES PRESENTED .......... 2

STATEMENT OF FACTS .......... 2

STANDARD OF REVIEW .......... 5

ARGUMENT .......... 6

I. Redwood's Election To Pursue Its Remedies Before The ASBCA Is Binding And Irrevocable .......... 6

II. The Complaint Should Be Dismissed For Lack Of Jurisdiction Because It Was Filed More Than 12 Months After Redwood Received The Contracting Officer's Final Decision .......... 9

CONCLUSION .......... 11

**TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**


Bonneville Assocs. v. United States,
43 F.3d 649 (Fed. Cir. 1994) .......................... 6, 7

Borough of Alpine v. United States,
923 F.2d 170 (Fed. Cir. 1991) .......................... 10

Cedars-Sinai Med. Cent. v. Watkins,
11 F. 3d 1573 (Fed. Cir. 1993) .......................... 5

Cosmic Constr. Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) .......................... 6

Griffy's Landscape Maint., LLC v. United States,
51 Fed. Cl. 667 (2001) .................................. 5

Hamza v. United States,
36 Fed. Cl. 10 (1996) ................................ 5, 9

IMS Servs., Inc. v. United States,
32 Fed. Cl. 388 (1994) .................................. 6

Mark Smith Constr. Co., Inc. v. United States,
10 Cl. Ct. 540(1986) .................................... 8

Marshall Associated Contractors, Inc. v. United States,
31 Fed. Cl. 809 (1994) .................................. 7

Nat'l Leased Hous. Assoc. v. United States,
32 Fed. Cl. 454 (1994) .................................. 5

National Neighbors, Inc. v. United States,
839 F.2d 1539 (Fed. Cir. 1988) .......................... 7

Policy Analysis Co., Inc. v. United States,
50 Fed. Cl. 626 (2001) .................................. 9

Reynolds v. Army & Air Force Exch. Serv.,
846 F. 2d 746 (Fed. Cir. 1988) .......................... 5

Sharman Co., Inc. v. United States,
2 F.3d 1564 (Fed. Cir. 1993) .............................. 9

Synernet Corp. v. United States,
41 Fed. Cl. 375 (1998) .................................. 7

Trauma Serv. Group v. United States,
104 F. 3d 1321 (Fed. Cir. 1997) .......................... 5

Tuttle/White Constr. v. United States,
228 Ct. Cl. 354 (1981) .................................. 8

United States v. Mitchell,
445 U.S. 535 (1980) ..................................... 6

United States v. Sherwood,
312 U.S. 584 (1941) ..................................... 5

W.M. Schlosser Co, Inc. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) ........................... 9

**STATUTES**

41 U.S.C. § 601, et. seq ........................... 2, 4, 5, 6

41 U.S.C. § 606 ........................................ 6, 10

41 U.S.C. § 607(d) ........................................ 6

41 U.S.C. § 609 (a)(1) .................................... 6

41 U.S.C. § 609(a)(3) .................................. 2, 9

41 U.S.C. § 613 ........................................... 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REDWOOD FURNITURE CO., LTD., et. al, Plaintiffs, | ) | |
| v. | ) | Case No. 05-1248C (Judge Bush) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiffs' complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The Court does not possess jurisdiction to entertain plaintiffs' complaint because the plaintiffs have already elected to appeal the contracting officer's final decision to the Armed Services Board of Contract Appeals ("ASBCA"). Additionally, the plaintiffs failed to file their complaint within 12 months of the contracting officer's final decision. Accordingly, this Court does not possess jurisdiction to entertain the complaint, and the plaintiffs have not otherwise stated a claim upon which relief may be granted. In support of our motion, we rely upon the complaint, the following brief and the appendix attached to our brief.

## ISSUES PRESENTED

1. Whether the Court possesses jurisdiction to entertain plaintiffs' complaint when they have already elected to pursue their contract remedies before the ASBCA.

2. Whether the complaint is jurisdictionally barred pursuant to 41 U.S.C. 609(a)(3) because it was filed more than 12 months after the contracting officer's decision was delivered.

## STATEMENT OF FACTS

Plaintiffs, Redwood Furniture Company, Estetik Mobilya, and Tuncay Ticaret (collectively "Redwood"), filed this action to challenge a contracting officer's final decision pursuant to 41 U.S.C. § 601, et. seq. Compl. ¶ 3, 6. Redwood alleges that the Department of the Air Force (the "Air Force") purchased furniture from Redwood in 2002 and that the Air Force did not fully pay Redwood for the furniture that the agency received. Compl. ¶¶ 7-13. On August 6, 2004, Redwood submitted a claim to the Air Force's contracting officer, Lt. Col. Paul Bugenske, for unpaid furniture in the amount of $266,000. The furniture was allegedly delivered to the Air Force at Incirlik Air Base, Turkey. Compl. ¶¶ 4, 7-8; App. 1.[1]

On November 30, 2004, the contracting officer issued a final decision denying Redwood's claim. Redwood's claim was denied because it did not supply documentation to support its claim and

[1] "App. __" refers to the appendix attached this brief.

because the furniture could not otherwise be accounted for properly. App. 1. Lt. Col. Bugenske personally delivered the final decision to Redwood at Redwood's furniture store in Incirlik, Turkey on November 30, 2004, and he was accompanied by Maj. James O'Quinn and Ms. Guney Tansal. App. 11-12. Lt. Col. Bugenske had the final decision translated into Turkish for Redwood and the meaning of the document was explained to Redwood's on-site representative, Mr. Yilmaz Estetik, by Ms. Guney Tansal, a civilian interpreter employed by the Air Force at Incirlik Air Base. Id. The contracting officer's final decision informed Redwood that it could appeal its claims to either the ASBCA within 90 days, or to this Court, within 12 months of its receipt of the final decision. App. 2.

On February 28, 2005, Redwood acknowledged that the contracting officer had issued the agency's final decision on November 30, 2004 when it filed its notice of appeal with the ASBCA and when it simultaneously filed its ASBCA complaint. App. 3, 5 (ASBCA Compl. No. 54944, ¶ 3). Specifically, for purposes of establishing the ASBCA's jurisdiction, Redwood stated that:

> This is a timely appeal from the Contracting Officer's Final Decision, dated November 30, 2004, which denied Redwood's claim for payment for certain furniture delivered to the Government. Redwood's Notice of Appeal was filed with the Armed Services Board of Contract Appeals (the "Board") on February 28, 2005. The Board has jurisdiction over

> this appeal pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq.

App. 5.; see also App. 2-3.

In its ASBCA complaint, with one notable exception, Redwood made the same allegations as they make in their present complaint. Indeed, the complaints are virtually identical. Compare App. 6-9 (ASBCA Compl. No. 54944, ¶¶ 4-27) with Compl. ¶¶ 7-35. Virtually identical facts are recounted in the background sections of both complaints. See id. Additionally, in both complaints, count I alleges a "breach of contract" claim and count II alleges a quantum meruit claim.

Although there are striking similarities in the two complaints filed by Redwood, there remains but one significant difference. As noted above, in its ASBCA complaint, Redwood alleged the timeliness of it appeal by referring to "the Contracting Officer's Final Decision, dated November 30, 2004." App. 5. This allegedly established that Redwood had filed a timely appeal with the ASBCA within 90 days of when the contracting officer issued the final decision, i.e., by February 28, 2005. However, when Redwood filed its present complaint, on December 2, 2005, Redwood used a different date to calculate the jurisdiction of this Court. In the present complaint, Redwood alleges that it received the contracting officer's final decision on December 2, 2004. Compl. ¶ 5. This is in stark contrast to

Redwood's ASBCA complaint, which acknowledges that the final decision was issued on November 30, 2004, and nowhere alleges that Redwood did not receive the final decision until December 2, 2004.

**STANDARD OF REVIEW**

"The burden of establishing jurisdiction . . . lies with the party seeking to invoke the court's jurisdiction." Cedars-Sinai Med. Cent. v. Watkins, 11 F. 3d 1573, 1583 (Fed. Cir. 1993); accord Trauma Serv. Group v. United States, 104 F. 3d 1321, 1324 (Fed. Cir. 1997) citing Reynolds v. Army & Air Force Exch. Serv., 846 F. 2d 746, 748 (Fed. Cir. 1988). The plaintiff must demonstrate that its complaint is timely. As a sovereign, the United States is "immune from suit save [to the extent that] it consents to be sued." Hamza v. United States, 36 Fed. Cl. 10, 13 (1996) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).

The Contract Disputes Act of 1978 (the "CDA"), 41 U.S.C. §§ 601-613, waived sovereign immunity with regard to express or implied contracts and provided this Court jurisdiction to hear Federal contract disputes. Griffy's Landscape Maint., LLC v. United States, 51 Fed. Cl. 667, 671 (2001). However, the Government's waiver of sovereign immunity is to be "narrowly construed". Nat'l Leased Hous. Assoc. v. United States, 32 Fed. Cl. 454, 460 (1994). Thus, all conditions placed upon the

exercise of this Court's jurisdiction must be satisfied before the Court can assert jurisdiction. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982); IMS Servs., Inc. v. United States, 32 Fed. Cl. 388, 396 (1994).

Here, jurisdiction is premised upon the CDA. 41 U.S.C. § 601 et. seq. As we establish below, because Redwood has failed to comply with the statutory prerequisites of the CDA, its complaint should be dismissed for lack of jurisdiction.

## ARGUMENT

### I. Redwood's Election To Pursue Its Remedies Before The ASBCA Is Binding And Irrevocable

By appealing the contracting officer's final decision to the ASBCA, Redwood elected to pursue its contractual remedies before an agency board of contract appeals and, accordingly, this Court does not possess subject matter jurisdiction to decide this litigation. The only forum available to Redwood to pursue its remedies is the ASBCA, the forum Redwood initially selected. When appealing a contracting officer's final decision under the CDA, a contractor must decide whether to seek remedies from the appropriate agency board or from the Court of Federal Claims. 41 U.S.C. §§ 606, 607(d), & 609(a)(1); Bonneville Assocs. v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994).

The United States Court of Appeals for the Federal Circuit has held the CDA requires a contractor to make a decisive choice between forums. "Under the Election Doctrine, the binding election of forums is an either-or alternative, and, as such, does not provide a contractor with dual avenues for contesting a contracting officer's adverse decision." National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988); accord Bonneville Assocs., 43 F.3d at 651, 652; Synernet Corp. v. United States, 41 Fed. Cl. 375, 386 (1998). Thus, once a contractor makes a binding election to appeal the contracting officer's final decision to the appropriate board of appeals, the contractor may no longer pursue its same claims before the Court of Federal Claims. Bonneville Assocs., 43 F.3d at 653.

It is the contractor's initiation of a suit in a proper forum that precludes the contractor from pursuing the same claims in an alternate forum. Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 814-15 (1994) (citing National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542 (Fed. Cir. 1988)). Once a contractor elects to bring an appeal before a board of contract appeals, the contractor is bound by that decision and cannot later elect to bring a suit in the Court of Federal Claims upon the same matter. Id. Here, Redwood elected

to pursue its remedies at the ASBCA when it filed its notice of appeal with the board. App. 3-4.

The election doctrine requires that a contractor's choice of forum be "informed, knowing and voluntary." Mark Smith Constr. Co., Inc. v. United States, 10 Cl. Ct. 540, 544 (1986). Advice by the agency in its final decision of a contractor's choice of fora satisfies this requirement. For example, in Mark Smith, the Court ruled that the contractor made an "informed, knowing and voluntary election" based upon the notice in the contracting officer's final decision delineating the contractor's rights to appeal. Id. at 545 (quoting Prime Constr. Co. v. United States, 231 Ct. Cl. 782, 784 (1982)); see also Tuttle/White Constr. v. United States, 228 Ct. Cl. 354, 356; 656 F.2d 644, 646 (1981). Here, the contracting officer's final decision, dated and delivered on November 30, 2004, informed Redwood of its right to appeal under the CDA to either the ASBCA or the Court of Federal Claims. App. 2. Thus, Redwood's election of remedies was informed, knowing and voluntary. Mark Smith Constr. Co., 10 Cl. Ct. at 545. Accordingly, Redwood's forum selection decision is binding and irrevocable. The election doctrine bars Redwood's complaint.

**II. The Complaint Should Be Dismissed For Lack Of Jurisdiction Because It Was Filed More Than 12 Months After Redwood Received The Contracting Officer's Final Decision**

It is well-settled that a prerequisite to the exercise of jurisdiction pursuant to the CDA is a final decision by a duly authorized contracting officer. Sharman Co., Inc. v. United States, 2 F.3d 1564, 1568-69 (Fed. Cir. 1993); W.M. Schlosser Co, Inc. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983). It is equally well-established that a timely appeal of when a contracting officer's final decision must be filed within 12 months of the date of the contractor received the contracting officer's decision. 41 U.S.C. §609(a)(3); Hamza, 36 Fed. Cl. at 14. Compliance with this statutory time limit is a condition of the waiver of sovereign immunity provided in the CDA and a prerequisite to this Court's exercise of jurisdiction over an action. Hamza, 36 Fed. Cl. at 14 ("the lack of timely filing renders the contracting officer's decision 'final and conclusive and not subject to review in any forum'").

Although this Court's line of precedent holding that the 12 month statute of limitations is jurisdictional in nature has not been overturned, see id., we recognize that "the Federal Circuit has held that the CDA's one-year limitations period does not implicate the court's subject matter jurisdiction," but rather is a matter of a plaintiff's failure to state a claim upon which relief may be granted. Policy Analysis Co., Inc. v. United

States, 50 Fed. Cl. 626, 627 (2001) (citing Borough of Alpine v. United States, 923 F.2d 170, 171-72 (Fed. Cir. 1991)). Accordingly, we respectfully request the dismissal of the complaint pursuant to both RCFC 12(b)(1) and 12(b)(6).

Here, Redwood received the final decision on November 30, 2004. App. 3-9, 11, 12. Redwood's receipt of the final decision is established by the declarations of the Air Force officials who delivered it to Redwood and by Redwood's own pleadings at the ASBCA. App. 11-12. Specifically, Redwood used November 30, 2004 as the date to allege jurisdiction in the ASBCA and, in so doing, implicitly acknowledged that that date was the date upon which it received the final decision. Although Redwood did not specifically aver in its ASBCA pleadings that it "received" the final decision on November 30, 2004, it remains the logical conclusion that it did receive the decision upon that date because of where that date is used in the ASBCA complaint to establish the board jurisdiction. See App. 5. The "November 30, 2004" date was set forth by Redwood to comply with the requirements of 41 U.S.C. § 606. Section 606 only authorizes a contractor to file a claim with an agency board within 90 days of receipt of the contracting officer's final decision. See id.

Here, it is clear that Redwood received the final decision on November 30, 2004, and then waited 367 days, i.e., more than 12 months, before filing its complaint in this Court on December

2, 2005. Pursuant to RCFC 6(a), for purposes of computing the time to file with the Court, the day of the act or event from which the period of time begins to run is not counted, and the last day of the computation period should be counted unless it falls on a Saturday, Sunday, or legal holiday. FRCP 6(a). Based upon the Court's rules, Redwood's complaint should have been filed no later than Thursday, December 1, 2005. Because Redwood's complaint was not filed timely, this Court is without jurisdiction to consider its challenge to the contracting officer's final decision. The complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

Of Counsel:

DEREK S. SHERRILL
Trial Attorney
Air Force Legal Services Agency
Commercial Litigation Division
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403
(703) 696-9087

May 1, 2006

s/ Kent G. Huntington
KENT G. HUNTINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 305-7561
Fax: (202) 353-7988

**CERTIFICATE OF FILING**

I hereby certify that on May 1, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS AND APPENDIX (pages 1-12)" was filed electronically. I understand that notice of this of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kent G. Huntington
Kent G. Huntington