# APPENDIX

# APPENDIX


| Item | Page(s) |
|---|---|
| Contracting Officer's Final Decision, Nov. 30, 2004 | 1 |
| Notice Of Appeal to ASBCA, dated Feb. 28, 2005 | 3 |
| ASBCA Complaint For Case No. 54944, dated May 4, 2005 | 5 |
| Declaration of James S. O'Quinn, Maj., USAF, dated March 1, 2006 | 11 |
| Declaration of Paul A. Bugenske, Lt. Col., USAF, dated February 15, 2006 | 12 |

DEPARTMENT OF THE AIR FORCE
39TH AIR BASE WING (USAFE)

30 Nov 04

MEMORANDUM FOR TANSEL ESTETIK
YILMAZ ESTETIK
TUNCAY OSGAYOGLU

FROM: 39 CONS/CC

SUBJECT: Furniture Claim, Dated 06 Aug 2004

1. We have received and reviewed your combined (Redwood Furniture Co., Estetik Mobilya, & Tuncay Ticaret) claim for unpaid furniture in the amount of $266,000, and submit our final decision herein.

2. Your claim contends that in 2002, the 39th Maintenance Group ordered large volumes of hand-crafted office furniture under the orders or direction of Capt Eric Wozniak and Lt Col Roger Fogleman charging and citing Capt Wozniak's Government Purchase Card (GPC) as payment. Additionally, you state that you received multiple GPC payments up until Capt Wozniak's GPC card was turned off on 3 Jan 2003. You further state that you supplied an inventory list of the unpaid furniture to the base contracting office and on 27 March 2003, Lt Col Brian Bellacicco requested, and you supplied, invoices. Furthermore you state that a delay was imposed on payment due to the investigation and trials concerning Capt Wozniak and Lt Col Fogleman and that as a local merchant you were not aware of the GPC misuse. The total claim amount is $266,000.

3. Two separate Air Force investigations (May 2003 & November 2004) have been conducted concerning your claim and conclude that there is poor or unreliable documentation of requirements, no documentation of delivery, and no invoices or "Fatura" to support your unpaid furniture claim. A proper invoice will have the complete name and address of the contractor, serial number, invoice date, taxpayer identification number (TIN), great seal of Department of Finance or approval from a notary public, and a clear description of the service or product. Despite our repeated requests for proper invoices, delivery reports and/or receiving reports, no suitable documentation was ever received.

4. Additionally, the furniture referenced in your claim cannot be accounted for properly. Furniture inventories have been accomplished, but it is impossible to ascertain what items were bought from which vendor, when these items were purchased and which items fall under your claim. Our records show that $391,580 was charged against Capt Wozniak's or TSgt Streeter's Government Purchase Card for purchases of furniture between June 2002 and Jan 2003. Given this large dollar amount and the lack of proper documentation, our finding is that we cannot successfully determine what furniture has been provided to, and accepted by, the U.S. Government to the extent where the U.S. Government will or can make further payment.

5. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

5. If you have any questions concerning this matter, please call Capt James O'Quinn or the undersigned at 316-3992.

PAUL BUGENSKE, Major, USAF
Commander

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW

8405 Greensboro Drive
Suite 100
McLean, Virginia 22102

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

February 28, 2005

*Via Hand Delivery*

Mr. Edward Adamkewicz
Recorder
Armed Services Board of Contract Appeals
Skyline Six, 5109 Leesburg Pike
Falls Church, Virginia 22041-3208

Re: NOTICE OF APPEAL
Redwood Furniture Co. Ltd.
Claim for Unpaid Furniture Delivered to Incirlik AFB

Dear Mr. Adamkewicz:

Pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, Redwood Furniture Co. Ltd. ("Redwood") hereby appeals the Final Decision of the Contracting Officer related to a large amount of furniture ordered by the United States Air Force and delivered by Redwood to the U.S. Air Base in Incirlik-Adana, Turkey. Specifically, Redwood appeals the Contracting Officer's decision to deny Redwood's claim for payment for such furniture.

The Contracting Officer issued its Final Decision on this claim on November 30, 2004 (enclosed). Accordingly, this Notice of Appeal is timely filed.

Redwood will be represented in this appeal by Robert G. Watt, Esquire and Kirk J. McCormick, Esquire of the law firm of Watt, Tieder, Hoffar & Fitzgerald, L.L.P., 8405 Greensboro Drive, Suite 100, McLean, Virginia 22102.

Please forward all documents relating to this appeal to the address set forth above, and do not hesitate to contact me if you have any questions relating to this matter.

Very truly yours,

WATT, TIEDER, HOFFAR &
FITZGERALD, L.L.P.

Robert G. Watt

Robert G. Watt

Kirk J. McCormick

Enclosure

cc: Maj. Paul Bugenske (Contracting Officer) (via certified mail)

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of<br>Redwood Furniture Company, Ltd. | ) | ASBCA No. 54944 |

COMPLAINT

COMES NOW, the Appellant, Redwood Furniture Company, Ltd. ("Redwood" or "Appellant"),[1] and hereby submits this Complaint pursuant to Rule 6 of the Armed Services Board of Contract Appeals.

Parties

1. Appellant is a Turkish company engaged in the business of, among other things, constructing custom-made wooden office furniture.

2. The contracting agency is the Department of the Air Force (the "Air Force" or the "Government").

Jurisdiction

3. This is a timely appeal from the Contracting Officer's Final Decision, dated November 30, 2004, which denied Redwood's claim for payment for certain furniture delivered to the Government. Redwood's Notice of Appeal was filed with the Armed Services Board of Contract Appeals (the "Board") on February 28, 2005. The Board has jurisdiction over this appeal pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq.

[1] Because the Contracting Officer's Final Decision referenced the combined claim of Redwood, Estetik Mobilya, and Tuncay Ticaret, the terms "Redwood" and "Appellant" refer collectively to those three entities. In effect, Redwood Furniture Company, Ltd. is filing this Complaint on behalf of itself, Estetik Mobilya, and Tuncay Ticaret, as their combined claim was denied by the Contracting Officer.

## Background

4. At all times relevant hereto, Appellant has been engaged in the business of constructing and selling custom-built wooden furniture in Turkey. Appellant has frequently provided furniture to Air Force representatives for the Government's use at the United States Air Base at Incirlik, Turkey ("Incirlik" or the "Air Base").

5. During the summer of 2002, various Air Force officers stationed at Incirlik purchased several hundred thousand dollars' worth of furniture (the "Furniture") from Appellant. In making these purchases, these Air Force officers were fully authorized to enter into contracts on behalf of the Government.

6. Appellant timely delivered the subject Furniture to the Air Base, and the Government accepted delivery and took possession of the same.

7. Although the Government has paid for some of the Furniture, the Government still owes Appellant approximately $266,000 for the Furniture ordered by the Government and delivered to the Air Base.

8. Various Air Force officers have acknowledged that the amounts claimed by Appellant are legitimate, and that the Government continues to owe Appellant approximately $266,000 for the Furniture delivered to the Air Base.

9. Despite the Government's acknowledgement of the nature and extent of its debt to Appellant, the Government refuses to pay Appellant the sums owed.

10. Appellant has satisfied all conditions precedent to bringing this lawsuit against the Government, and Appellant has completed and fulfilled any and all of its obligations and duties not otherwise waived or excused.

COUNT I
(Breach of Contract)

11. Appellant incorporates by reference the allegations contained within Paragraphs 1 through 10 of this Complaint as if set forth at length herein.

12. By ordering the Furniture from Appellant, the Government entered into a contract (the "Contract") with Appellant and agreed to pay Appellant the agreed-upon price (the "Contract Price") for such Furniture.

13. By timely delivering the Furniture to the Government, Appellant performed all its material obligations under the Contract.

14. By refusing to pay Appellant the full Contract Price for the Furniture, the Government has materially breached the terms of the Contract.

15. The Government's refusal to issue timely payment for the Furniture has caused Appellant to incur damages above and beyond the Contract Price.

16. As a direct and proximate result of the Government's refusal to pay the full Contract Price, Appellant has been damaged in the amount of at least $353,240, plus interest.

WHEREFORE, Appellant Redwood Furniture Company, Ltd. respectfully requests that the Board issue an Order with respect to Count I of the Complaint granting judgment against the Government and awarding Redwood damages in an amount of at least $353,240; granting Redwood applicable interest pursuant

to the Contract Disputes Act of 1978; and granting Redwood attorneys' fees, costs, and such further relief as this Board may deem just and proper.

COUNT II
(Quantum Meruit)

17. Appellant incorporates by reference the allegations contained within Paragraphs 1 through 10 of this Complaint as if set forth at length herein.

18. Appellant and the Government mutually intended to enter into a contract for the sale of the Furniture.

19. By delivering the Furniture to the Government at the Government's request, Appellant provided good and valuable consideration to the Government, and the Government benefited therefrom.

20. Appellant reasonably expected to be compensated for the Furniture it delivered to the Government.

21. Neither the offer nor the acceptance was ambiguous as to any material terms.

22. The Air Force officers who purchased the Furniture had actual authority to bind the Government to contract.

23. The Government's purchase of the Furniture would have been a permissible procurement had the formal procedures been followed.

24. Appellant acted in good faith at all times relevant hereto.

25. The amount claimed represents the reasonable value of the benefit received by the Government.

26. Despite accepting the Furniture for its use and enjoyment, and despite Appellant's repeated demands for payment, the Government has refused to pay Appellant the full reasonable value of the Furniture.

27. By virtue of the fact that the Government has failed to fully pay for the Furniture, the Government has been unjustly enriched in an amount of at least $266,000.

WHEREFORE, Appellant Redwood Furniture Company, Ltd. respectfully requests that the Board issue an Order with respect to Count II of the Complaint granting judgment against the Government and awarding Redwood damages in an amount of at least $266,000; granting Redwood applicable interest pursuant to the Contract Disputes Act of 1978; and granting Redwood attorneys' fees, costs, and such further relief as this Board may deem just and proper.

Dated: May 4, 2005.

Respectfully submitted,

Robert G. Watt
Kirk J. McCormick
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)

Attorneys for Redwood Furniture
Company, Ltd.

## Certificate of Service

I hereby certify that on this 4th day of May 2005, a copy of the foregoing Complaint has been sent via First-Class U.S. Mail to the following:

Maj. Ronald J. Goodeyon
AFMC LO/JAB
2240 B St. RMC1
Wright-Patterson AFB OH 45433-7112

Kirk J. McCormick

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **REDWOOD FURNITURE CO., LTD.**<br>**ESTETIK MOBILYA**<br>and **TUNCAY TICARET,**<br><br>Plaintiffs<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case no. 05-1258C** |

**DECLARATION**

I, JAMES S. O'QUINN, Major, United States Air Force, hereby declare the following:

1. I am currently assigned to the 39th Contracting Squadron at Incirlik Air Base, Turkey. In 2004, I served as the Director of Business Operations (DBO) at the 39th Contracting Squadron, also at Incirlik Air Base. As DBO, I provided technical oversight for contract solicitation, award and administration. Additionally, I serve as the Chief of the Contract Review Committee, alternative disputes resolution focal point, and acting squadron commander during the absence of the commander.

2. On November 30, 2004, I, then holding the rank of Captain, accompanied Major Paul A. Bugenske, Commander of the 39th Contracting Squadron, and Mrs. Guney Tansal, English-Turkish translator, on a visit to the Redwood Furniture Store in Incirlik Village. I observed Major Bugenske hand his final decision document to Mr. Yilmaz Estitik. I observed Mrs. Tansal translate the document into the Turkish language for Mr. Estitik. Because the issues in this case pertained to Government Purchase Card transactions rather than a contract, we did not send the document to Mr. Estitik via certified mail.

3. I hereby declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON March 01, 2006

JAMES S. O'QUINN, Maj, USAF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **REDWOOD FURNITURE CO., LTD.**<br>**ESTETIK MOBILYA**<br>and **TUNCAY TICARET,**<br><br>Plaintiffs<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | ) | **Case no. 05-1258C** |

**DECLARATION**

I, PAUL A. BUGENSKE, Lieutenant Colonel, United States Air Force, hereby declare the following:

1. I currently serve as the Commander of the 39th Mission Support Group at Incirlik Air Base, Turkey. In 2004, I, then holding the rank of Major, served as the Commander of the 39th Contracting Squadron, also at Incirlik Air Base, Turkey.

2. On November 30, 2004, I, along with then-Captain James S. O'Quinn and Mrs. Guney Tansal, visited Mr. Yilmaz Estitik at his Redwood Furniture Store in Incirlik Village. I personally handed my final decision document to Mr. Estitik. Mrs. Tansal served as interpreter and translated the document into the Turkish language for Mr. Estitik.

3. I hereby declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON February 15, 2006

PAUL A. BUGENSKE, Lt Col, USAF
Commander, 39th Mission Support Group