**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **REDWOOD FURNITURE COMPANY, LTD., et al.,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 05-1248C |
| **UNITED STATES OF AMERICA**, | ) | (Judge Bush) |
| Defendant. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

COME NOW Plaintiffs Redwood Furniture Company, Ltd. ("Redwood"), Estetik Mobilya ("Estetik"), and Tuncay Ticaret ("Tuncay) (collectively referred to herein as "Plaintiffs"), by counsel, and pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims, respectfully request that the Court grant Plaintiffs an extension of 120 days, to and including September 29, 2006, within which to respond to Defendant's ("Defendant" or the "Government") Motion to Dismiss. Plaintiff's response to the Government's Motion is currently due on June 1, 2006. Plaintiffs' counsel has contacted counsel for Defendant, who has indicated that Defendant is not opposed to this, Plaintiffs' first request for an enlargement of time for this purpose.

Previous to filing the instant case at the Court of Federal Claims, Plaintiff Redwood filed an appeal with the Armed Services Board of Contract Appeals (the "ASBCA") on behalf of itself and Plaintiffs Estetik and Tuncay (that appeal is referred to hereafter as the "ASBCA Appeal"). Currently pending in the ASBCA Appeal are motions and briefs relating to, among other things, Redwood's

authority to act on behalf of Estetik and Tuncay, and whether Redwood's Notice of Appeal in that case was sufficient to confer upon the ASBCA jurisdiction to hear the claims of Estetik and Tuncay. More specifically, one of the key issues awaiting resolution by the ASBCA is whether the Notice of Appeal filed in the ASBCA Appeal was sufficient to preserve the appeal rights of Estetik and Tuncay before that tribunal, and therefore whether the ASBCA has jurisdiction to hear the claims of those plaintiffs. While awaiting a ruling on the jurisdictional issues pending before the ASBCA, Plaintiffs filed the instant protective appeal before this Court.[1]

The resolution of these issues before the ASBCA will determine whether Plaintiffs need to move forward with their claims in this Court. If the ASBCA determines that the Notice of Appeal is sufficient to confer ASBCA jurisdiction over the claims of all three Plaintiffs, Plaintiffs are prepared to dismiss their claims in this Court and pursue relief solely in the ASBCA Appeal. On the other hand, if the ASBCA determines that it never possessed jurisdiction over the claims of Estetik and Tuncay (or, for that matter, Redwood) due to a defective Notice of Appeal, then Plaintiffs would be required to litigate their claims before this Court.

Accordingly, it makes sense to temporarily postpone the instant proceedings until a ruling from the ASBCA on the jurisdictional issues now pending in the ASBCA Appeal. Once such a ruling has been issued, which Plaintiffs expect shortly, the parties will know whether any of the instant claims

[1] As will be made clearer when and if a response to the Government's Motion to Dismiss is required in this case, Plaintiffs disagree with the Government's contention that this case was not timely filed.

need be litigated before this Court at all. Thus, Plaintiffs respectfully request that the Court grant the instant unopposed motion for an enlargement of time of 120 days, to and including September 29, 2006, within which to respond to the Government's Motion to Dismiss.

Respectfully submitted,

May 31, 2006

ROBERT G. WATT

s/ Kirk J. McCormick
KIRK J. MCCORMICK
Watt, Tieder, Hoffar
& Fitzgerald, L.L.P.
8405 Greensboro Drive,
Suite 100
McLean, Virginia 22102
(703) 749-1000 (Telephone)
(703) 749-0699 (Facsimile)

Attorneys for Plaintiffs

CERTIFICATE OF FILING

I hereby certify that on this 31st day of May 2006, a copy of "PLAINTIFFS' UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kirk J. McCormick
KIRK J. MCCORMICK